**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LINDA L. BEAGLE, et. al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **Civil No. 04-1176 L** |
| **THE UNITED STATES** | ) | **Judge Victor J. Wolski** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S ANSWER**

Defendant, the United States of America, by and through its undersigned counsel, hereby answers Plaintiffs' Complaint pursuant to Rule 7 (a) of the Rules of the United States Court of Federal Claims.

**AFFIRMATIVE DEFENSES**

1. The allegations of the Complaint fail to state a claim upon which relief can be granted.

2. The allegations of the Complaint for a taking under the Fifth Amendment of the Constitution are barred and/or limited by the provisions of 28 U.S.C. §2501, the six year statute of limitations applicable to actions brought under 28 U.S. C. §1491.

3. The allegations of the Complaint fail to state claims for relief under the Fifth Amendment in that the provision of the Anti-Assignment Act, 31 U.S.C. §3727, and otherwise applicable law provide that only the owner of property as of the alleged act of taking may seek just compensation for the alleged taking.

4. Plaintiffs fail to identify the specific property interests which they contend have been taken by the United States as required by RCFC 9 (h)(7).

## RESPONSE TO NUMBERED PARAGRAPHS OF COMPLAINT

Defendant responds to the allegations of the numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1. The United States is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 1 and therefore denies the same.

2. The United States admits the allegations contained in Paragraph 2 of the Complaint, however Naval Auxiliary Landing Field Fentress is incorrectly referenced as "Naval Auxiliary Landing Field Entries."

3. The allegations contained in Paragraph 3 regarding the jurisdiction of the Court constitute conclusions of law to which no response is required. To the extent that a response is required, defendant admits that 28 U.S.C. §1491 confers jurisdiction upon this Court to hear claims arising under the Just Compensation Clause of the Fifth Amendment to the United States Constitution.

4. The allegations contained in Paragraph 4 are both allegations of fact and conclusions of law. The United States is without sufficient knowledge or information to form a belief as to the accuracy of the factual allegations. With respect to the allegations which are conclusions of law, no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 4.

5. The United States is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 5 and therefore denies the same. To the

extent that Paragraph 5 characterizes a report prepared by Wyle Laboratories, that document itself is the best evidence of its contents and therefore no response is required.

6. The United States admits that twelve squadrons of F/A 18 fighter aircraft were relocated from NAS Cecil Field to different duty stations but denies the remainder of the allegations contained in Paragraph 6.

7.The allegations contained in Paragraph 7 constitute plaintiffs' characterization of a 1998 Record of Decision which speaks for itself and is the best evidence of its contents, therefore no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 7.

8. The allegations contained in the first sentence of Paragraph 8 are vague and ambiguous and are therefore denied by the United States. The United States is without sufficient knowledge or information to form a belief as to the accuracy of the factual allegations contained in the second sentence of Paragraph 8.

9. The allegations in Paragraph 9 are vague and ambiguous and are therefore denied by the United States.

10. Defendant admits that it developed maps pursuant to the Air Installation Compatible Use Zones ("AICUZ") program. The allegations contained in the first sentence of Paragraph 10 constitute plaintiffs' characterization of a Air Installation Compatible Use Zone ("AICUZ") map. That document speaks for itself and is the best evidence of its contents, therefore no response is required. The second sentence of Paragraph 10 is admitted.

11. The allegations contained in Paragraph 11 constitute plaintiffs' characterization of a Air Installation Compatible Use Zone ("AICUZ") map. That document speaks for itself and is

the best evidence of its contents, therefore no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 constitute plaintiffs' characterization of Navy's Operational Naval Instructions, which speak for themselves and are the best evidence of its contents, therefore no response is required. The remainder of the allegations contained in Paragraph 12 are vague and ambiguous and are therefore denied by the United States.

13. The allegations in Paragraph 13 are vague and ambiguous and are therefore denied by the United States.

14. The United States admits only that it has appeared before local governing bodies in the cities of Virginia Beach and Chesapeake. Defendant denies the remaining allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 are both allegations of fact and conclusions of law. The United States is without sufficient knowledge or information to form a belief as to the accuracy of the factual allegations. With respect to the allegations which are conclusions of law, no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 constitute conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 18.

All the allegations in the Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

WHEREFORE, the United States denies that plaintiffs are entitled to the relief prayed for or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant and that Defendant be allowed its costs and such other and further relief as the Court determines appropriate.

September 24, 2004

Respectfully submitted,

_______/s/_________________

JULIA K. EVANS
STEVEN D. BRYANT
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P. O. Box 663
Washington, DC 20044-0663
Phone: (202) 514-4485
Fax: (202) 305-0506

OF COUNSEL:

Robert J. Smith
Mary Raivel
Navy Litigation Office
720 Kennon Street
Rm. 233
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono, JAGC, USN
Commander Navy region, Mid-Atlanic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737